IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COUR.
DENVER, COLORADO

Civil Action No. 06-cv-01189-BNB

AUG 10 2006

IN RE: CARL ALLEN NAKAGAWA,

GREGORY C. LANGHAM
CLERK

      Petitioner,

v.

[NO NAMED RESPONDENT],

      Respondent.

_____

## ORDER DIRECTING PETITIONER TO FILE AMENDED COMPLAINT

_____

Petitioner Carl Allen Nakagawa initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and various other documents titled "Rule 72.1 B. 5. (Civ. Rule) Motion for Leave to Proceed In Forma Pauperis," "Request for Immediate Court Action," and "Docketing Statement." In an order filed on June 21, 2006, Magistrate Judge Boyd N. Boland ordered Mr. Nakagawa to submit within thirty days a complaint on the proper, Court-approved form, copies of which were mailed to him with a copy of the June 21 order.

On June 28, 2006, apparently in response to the June 21, 2006, order, Mr. Nakagawa submitted a petition not on the proper, Court-approved form. The Court must construe the petition liberally because Mr. Nakagawa is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the petition will be construed

liberally as a complaint, and Mr. Nakagawa will be ordered to file an amended complaint.

The Court has reviewed the liberally construed complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Nakagawa's liberally construed complaint is vague. The complaint does not include a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). The complaint does not include a short and

2

plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). The complaint also does not include a demand for the relief Mr. Nakagawa seeks. **See** Fed. R. Civ. P. 8(a)(3). The Court will not even attempt to summarize Mr. Nakagawa's claims because they are unintelligible.

Rather than summarizing each claim succinctly, Mr. Nakagawa apparently expects the Court to speculate who is being sued for what and how his rights have been violated. That is not the Court's job. It is Mr. Nakagawa's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the parties being sued nor the Court is required to do this work for him. Mr. Nakagawa must allege, simply and concisely, the basis for the Court's jurisdiction; his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each party being sued that allegedly violated his rights; and the specific relief he seeks.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the liberally construed complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Nakagawa should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Nakagawa is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Nakagawa should review his claims carefully to ensure that each named Defendant personally participated in the asserted

violations.  Accordingly, it is

ORDERED that Mr. Nakagawa file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Nakagawa, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint:  Complaint.  It is

FURTHER ORDERED that Mr. Nakagawa submit sufficient copies of the amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Nakagawa fails within the time allowed to submit an original and sufficient copies of an amended complaint that complies with thisorder to the Court's satisfaction, the liberally construed complaint and the action will be dismissed without further notice.

DATED August 10, 2006, at Denver, Colorado.

BY THE COURT:

_s/ Boyd N. Boland_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01189-BNB

Carl Allen Nakagawa
10 Garden Drive, #7
Windsor, CO 80550

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint** to the above-named individuals on_____ 8-10-06

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk