IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01189-ZLW

IN RE: CARL ALLEN NAKAGAWA,

    Petitioner,

v.

[NO NAMED RESPONDENT],

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Petitioner Carl Allen Nakagawa filed *pro se* on October 3, 2006, a document titled "Petition for Rehearing and Motion for Relief From Judgment." Mr. Nakagawa asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed on September 27, 2006. The Court must construe the document liberally because Mr. Nakagawa is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the document will be construed liberally as a motion to reconsider, and the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Nakagawa filed the liberally construed motion to reconsider within

ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the complaint and the instant action without prejudice for failure to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. The reasons for the dismissal are discussed in detail in the Order and Judgment of Dismissal filed on September 27, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Nakagawa fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Nakagawa does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Nakagawa failed to comply with the pleading requirements of Fed. R. Civ. P. 8 and 10. Therefore, the liberally construed motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Petition for Rehearing and Motion for Relief From Judgment" that Petitioner Carl Allen Nakagawa filed *pro se* on October 3, 2006,

and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 13 day of Oct., 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01189-BNB

Carl Allen Nakagawa
Weld County Jail
2110 "O" Street
Greeley, CO 80631

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk